# UNITED STATES DISTRICT COURT
Western District of Kentucky
Louisville Division

| | |
|---|---|
| Shontay Marshall<br>    *Plaintiff*<br><br>v.<br><br>Auto Venture, Inc.<br>*d/b/a* Auto Smart 2<br>    *Defendant*<br>Serve:<br>    Casey Bernard<br>    6626 Preston Highway<br>    Louisville, KY 40219 | Case No.  3:20-CV-484-CRS |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.  This is an action brought by Plaintiff Shontay Marshall for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") which was enacted to ensure fairness, accuracy and privacy of the personal information contained in the files of the credit reporting agencies. Ms. Marshall also brings interrelated Kentucky state law claims against Defendant for violations of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.* and Article 9 of Kentucky's Uniform Commercial Code ("UCC").

### JURISDICTION AND VENUE

2.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and the FCRA, 15 U.S.C. §1681p. Ms. Marshall asks the Court to take supplemental jurisdiction over her interrelate state-law claims under 28 U.S.C. § 1367. Venue is proper because the nucleus of relevant facts and events that damaged Plaintiff occurred in Jefferson County, Kentucky which is located within this district.

### PARTIES

3.  Plaintiff Shontay Marshall is a natural person who resides in Jefferson County, Kentucky, a "consumer" within the meaning of the FCRA as defined at 15 U.S.C. § 1681a(c), and a "person" within the meaning of the KCPA as defined at KRS 367.110(1).

4.  Defendant Auto Venture, Inc. *d/b/a* Auto Smart 2 ("Autosmart") is a Kentucky corporation registered with the Kentucky Secretary of State. Autosmart's principal place of

business is located at 6626 Preston Highway, Louisville, KY 40219. Autosmart is a "furnisher" of credit information within the meaning of the FCRA and a "person" within the meaning of the KCPA.

## STATEMENT OF FACTS

5. Plaintiff Shontay Marshall ("Marshall") purchased a 2013 Dodge Durango (the "Dodge Durango") from Defendant Auto Venture, Inc. d/b/a Auto Smart 2 ("Autosmart"), which Autosmart financed.

6. The sale and financing of the Dodge Durango constitute acts of "trade" or "commerce" within the meaning of the KCPA.

7. Ms. Marshall used the Dodge Durango solely for personal, family and/or household purposes.

8. Ms. Marshall did not use the Dodge Durango for business or commercial purposes.

9. The Dodge Durango developed transmission problems necessitating repairs costing approximately $2,500 which cost of repairs caused Ms. Marshall to miss one or more payments to Autosmart.

10. Autosmart repossessed the Dodge Durango in either late 2019 or early 2020.

11. On February 10, 2020 Autosmart sent Plaintiff a letter that stated in relevant part:

> We have your vehicle, as follows: 13 Dodge Durango VIN# 1C4RDJDG7DC658525 because you failed to comply with the terms of your sales agreement.
>
> If you would like to redeem this vehicle you will need to come by our office with your past due balance of 12,226.97 or contact the finance department to work out other payment arrangements. Please be advised we will also need your insurance agent to fax us a copy of your declaration page showing you have full coverage insurance and that Auto Venture Acceptance, LLC is listed as the lien holder. Our fax number is 502-969-3810 or you can have it emailed to insurance@autosmartky.com.
>
> If you have not made an agreeable arrangement with Auto Venture Acceptance, LLC to redeem your vehicle before the date of sale then the vehicle will be sold at a public auction at Auto Smart 6626 Preston Hwy. Louisville, KY 40219.
>
> The date of sale for this vehicle will be held on 2/20/2020.
>
> If you are interested in bidding on your vehicle at the auction location please contact management for details. For inquires on this process please contact Auto Smart at 502-969-3600.
>
> Thank you
> Auto Smart

12. On February 14, 2020, Ms. Marshall called Autosmart at the number provided in the above letter to either redeem the Durango or to make payment arrangements to get the Dodge Durango back.

13. The Autosmart employee or representative who Ms. Marshall spoke with told Ms. Marshall that it was too late to get the Dodge Durango back because Autosmart already sold the Dodge Durango.

14. On April 20, 2020, Ms. Marshall, by counsel, sent a letter to Autosmart exercising Ms. Marshall's statutory right under KRS 355.9-616 to request an "explanation" from Autosmart for information concerning the sale of the Dodge Durango after repossession including, but not limited to an explanation as to how Autosmart calculated any deficiency claimed due and owing on the Dodge Durango loan which statute required a response to a request for an explanation within fourteen (14) days of receipt of the request.

15. Autosmart did not respond to Ms. Marshall's April 20, 2020 letter.

16. Ms. Marshall reviewed her credit report and discovered Autosmart was reporting false and negative credit information about her and the Autosmart loan on her Trans Union, LLC ("Trans Union") credit report (the "Autosmart Tradeline").

17. Autosmart furnishes credit information about consumers such as Ms. Marshall to the consumer reporting agencies such as Trans Union as part of its normal course of business which reporting to collect a debt constitutes "trade" or "commerce" within the meaning of the FCRA. *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 792 (W.D. Ky. 2003).

18. Ms. Marshall's Trans Union credit report was reporting that she owed a balance due of $3,242 with a high balance of $11,918, an opened date of November 13, 2018, and a last payment date of February 22, 2020.

19. Under Kentucky law, in order to recover or claim due a deficiency on the sale of secured property the secured party must dispose of the secured property in a commercially reasonable manner.

20. As the secured party claiming a deficiency due, Autosmart has the burden of demonstrating its disposition of the Dodge Durango was commercially reasonable.

21. Because Autosmart has the burden of proving that the sale of the Dodge Durango was conducted in a commercially reasonable in order to claim (or report) the right to recover a deficiency balance from Ms. Marshall, Autosmart has no present right to recover a deficiency from

Ms. Marshall or the right to report that a deficiency is due and owing. In other words, Autosmart lacks the legal "ability to unilaterally impose statutory [deficiency balance due] without judicial oversight." *Fulk v. LVNV Funding LLC,* 55 F. Supp. 3d 967, 973 (E.D. Ky. 2014).

22. Under KRS 355.9-616(2)(a)(2), Autosmart was required to provide Ms. Marshall an explanation of how it calculated the deficiency within 14 days of receipt of Ms. Marshall's request for an explanation.

23. Autosmart's failure to provide a timely explanation for the deficiency claimed due in the Autosmart Tradeline operates as a waiver of the right to claim a deficiency.

24. On May 13, 2020, Ms. Marshall sent a written dispute to Trans Union disputing the Autosmart Tradeline.

25. Trans Union had an affirmative duty under 15 U.S.C. § 1681i(a)(2) to send Autosmart prompt notice of Ms. Marshall's dispute within five (5) business days of receiving the dispute.

26. Trans Union complied with its statutory duties and sent Autosmart notice of Ms. Marshall's dispute.

27. Upon receiving Ms. Marshall's dispute from Trans Union, Autosmart had an affirmative duty under 15 U.S.C. § 1681s-2(b) to investigate the substance and merits of Ms. Marshall's disputes concerning the accuracy of the credit information Autosmart was furnishing concerning the Autosmart Tradeline.

28. Autosmart failed to conduct a reasonable investigation into Ms. Marshall's dispute concerning the negative credit information Autosmart was furnishing to Trans Union and/or one or more further consumer reporting agencies ("CRA's") concerning the Autosmart Tradeline.

29. Autosmart falsely verified the accuracy of the disputed negative credit information concerning Ms. Marshall and the Autosmart Tradeline. In particular, Autosmart continued to report a positive deficiency balance due on the loan for the Dodge Durango despite **(i)** its failure to meet its statutory duty under KRS 355.9-616 by sending Ms. Marshall an explanation of how it calculated the deficiency balance it was furnishing to the CRA's on the Autosmart Tradeline; **(ii)** the fact that it failed to dispose of the Dodge Durango in a commercially reasonable manner; and **(iii)** Autosmart denied Ms. Marshall her statutory right to redeem the Dodge Durango before post-repossession sale of the Durango.

30. As a result of the inaccurate credit information concerning the Autosmart Tradeline

published by Trans Union to its users and subscribers, Ms. Marshall was denied credit, had to pay more for credit and experienced a decrease in her credit score.

31. Autosmart violated the FCRA by failing to conduct a reasonable investigation of Ms. Marshall's dispute filed with the CRA's upon receiving notice of Ms. Marshall's dispute from Trans Union.

32. Autosmart violated the KCPA by engaging in "[u]nfair, false, misleading or deceptive acts or practices in the conduct of any trade or commerce" in connection with the self-awarding of deficiency in the Autosmart Tradeline, by either selling the Dodge Durango before the sale date stated in its February 10, 2020 letter *or* by lying to her on the phone that the Durango had already been sold, by its failure to comply with its statutory duties to send timely explanation of the alleged deficiency, and by its failure to dispose of the Dodge Durango in a commercially reasonable manner.

## CLAIMS FOR RELIEF

**A.   Violations of the FCRA**

33. The foregoing acts and omissions of Defendant Auto Venture, Inc. *d/b/a* Auto Smart 2 ("Autosmart") constitute violations of the Fair Credit Reporting Act as follows: (1) Autosmart violated 15 U.S.C. § 1681s-2(b) because after being informed by the CRA's that Ms. Marshall disputed the accuracy of the information it was providing concerning Ms. Marshall and the Autosmart Tradeline, Autosmart willfully failed to conduct a proper investigation of Ms. Marshall's dispute filed with the CRA's that Autosmart was furnishing false negative credit information about Ms. Marshall and the Autosmart Tradeline.

34. Autosmart willfully failed to review all relevant information purportedly provided by the CRA's to Autosmart in conducting its investigation, as required by 15 U.S.C. §1681s-2(b)(B).

35. Autosmart willfully failed to direct the CRA's to delete inaccurate information about Ms. Marshall pertaining to the Autosmart Tradeline as required by 15 U.S.C. §1681s-2(b)(C). In particular, Autosmart failed to reduce the amount due and past-due balance on the Autosmart Tradeline to $0.00.

36. As a result of Autosmart's failure to conduct a reasonable investigation of Ms. Marshall's dispute, Ms. Marshall suffered actual damages in the form of a lowered credit score. denial of credit, emotional upset and distress.

37. Ms. Marshall has a private right of action to assert claims against Autosmart arising

under 15 U.S.C. §1681s-2(b).

38. Autosmart is liable to Ms. Marshall for the actual damages she sustained by reason of its willful violations of the FCRA in an amount to be determined by the trier of fact or up to $1,000.00 in statutory damages, whichever is greater, punitive damages in an amount to be determined by the trier of fact and her reasonable attorney's fees pursuant to 15 U.S.C. §1681n.

39. Alternatively, Autosmart's conduct, actions and inactions were negligent rendering Autosmart liable under 15 U.S.C. § 1681o for Ms. Marshall's actual damages, attorney's fees and costs.

**B.    Violations of the KCPA**

40. The foregoing acts and omissions of Defendant Auto Venture, Inc. *d/b/a* Auto Smart 2 ("Autosmart") constitute violations of the Kentucky Consumer Protection Act because the sale and financing of the Dodge Durango by Autosmart was conduct in the course of "trade" or "commerce" within the meaning of the KCPA.

41. Ms. Marshall used the Dodge Durango exclusively for personal, family, and/or household purposes.

42. Autosmart's claiming a deficiency balance due on the Dodge Durango loan where Autosmart failed to dispose of the Dodge Durango in a commercially reasonable manner is an unfair, false, misleading or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

43. Autosmart continued to claim a deficiency balance due on the Dodge Durango after Ms. Marshall invoked her statutory right to request an explanation of any deficiency on the Dodge Durango loan.

44. Autosmart did not respond to Ms. Marshall's request for explanation which thereby waived its right to collect a deficiency balance due. Autosmart's failure to comply with its statutory duties and at the same time attempting to gain benefit from the same statutory scheme is an unfair, false, misleading or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

45. Autosmart denied Ms. Marshall her statutory right to redeem the Dodge Durango by either selling the Durango before the sale date set forth in its February 10, 2020 letter *or* by lying to her during the February 14, 2020 phone call by falsely representing that it had sold the Durango. This deceitful behavior is an unfair, false, misleading or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

46. Ms. Marshall is a natural person within the meaning of the KCPA.

47. Ms. Marshall suffered real and ascertainable loss from Autosmart's violations of the KCPA including, but not limited to, damages to her creditworthiness and credit score.

48. Ms. Marshall has a claim against Autosmart under KRS 367.220 which gives her the right to recover her actual damages, her costs, her reasonable attorney's fees and punitive damages.

### C. Violation of Article 9 of Kentucky's UCC

49. The foregoing acts and omissions of Defendant Auto Venture, Inc. *d/b/a* Auto Smart 2 ("Autosmart") constitute violations of Article 9 of Kentucky's Uniform Commercial Code ("UCC"), KRS 355.1-101 *et seq.*

50. Ms. Marshall exercised her statutory right under KRS 355.9-616(2)(b) by sending a written request to Autosmart for an explanation of Autosmart's calculation of the alleged deficiency balance due on the underlying loan.

51. Autosmart failed to respond with fourteen days of receipt of the request as required by the statute.

52. Under KRS § 355.9-625(5)(f), Ms. Marshall is entitled to recover damages of $500 from Autosmart.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shontay Marshall requests that the Court grant the following relief:

1. Award Plaintiff her actual damages;

2. Award Plaintiff statutory damages under the FCRA, 15 U.S.C. §1681n and KRS § 355.9-625(5)(f);

3. Award Plaintiff punitive damages under the FCRA and KCPA;

4. Award Plaintiff her costs, litigation expenses and reasonable attorney's fees;

5. A trial by jury; and

6.     Such other relief to which Plaintiff may be entitled.

                                  Respectfully Submitted,

                                  /s/ James R. McKenzie
                                James R. McKenzie
                                *James R. McKenzie Attorney, PLLC*
                                115 S. Sherrin Ave. Suite 5
                                Louisville, KY 40207
                                Tel:   (502) 371-2179
                                Fax:  (502) 257-7309
                                E-mail: jmckenzie@jmckenzielaw.com

                                James H. Lawson
                                *Lawson at Law, PLLC*
                                115 S. Sherrin Avenue, Suite 5
                                Louisville, KY 40207
                                Tel:   (502) 473-6525
                                Fax:  (502) 473-6561
                                E-mail: james@kyconsumerlaw.com